**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY MICHAEL
HERNANDEZ,

          Petitioner - Appellant,

v.

DAVID PARKER, Warden,

          Respondent - Appellee.

No. 13-6006
(D.C. No. 5:11-CV-01356-R)
(W.D. Oklahoma)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, and **ANDERSON** and **TYMKOVICH**, Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 32.1.

Gregory Michael Hernandez, a state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. In that petition, he challenged his conviction following a jury trial on various counts of rape involving his two stepdaughters, pursuant to which he was sentenced to a term of life imprisonment, to be followed by further terms of imprisonment. For the following reasons, we deny Mr. Hernandez a COA and dismiss this matter.

## BACKGROUND

Mr. Hernandez was convicted by a jury of three counts of rape by instrumentation of a victim under age fourteen, in violation of Okla. Stat. tit. 21, § 1111.1; one count of second-degree rape of a victim under age sixteen, in violation of Okla. Stat. tit. 21, § 114(B); one count of first-degree rape of a victim under age fourteen, in violation of Okla. Stat. tit. 21, § 1114(A)(1); and two counts of engaging in a pattern of criminal offenses, in violation of Okla. Stat. tit. 21, § 425. As indicated, the victims were Mr. Hernandez's two stepdaughters, A.H. and R.H.

Mr. Hernandez was sentenced to twenty years imprisonment on each of the three rape by instrumentation counts, fifteen years on the count of second-degree rape of a victim under the age of sixteen, and life imprisonment on the count of first-degree rape of a victim under the age of fourteen, all to be served

consecutively. He received a sentence of two years on each of the pattern of criminal offense counts, to run concurrently with each other but consecutively to the rape counts.

The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Mr. Hernandez's conviction in an unpublished summary opinion. Hernandez v. State, No. F-2008-1048 (Okla. Crim. App., Dec. 16, 2010) (unpublished).

Mr. Hernandez then filed the instant petition under 28 U.S.C. § 2254, alleging eight grounds as the basis for relief: (1) improper exclusion of evidence of prior false allegations and unreasonable restriction of cross-examination; (2) insufficient evidence to support the conviction; (3) improper exclusion of evidence that the victims' mother (Mr. Hernandez's common-law wife) had put her daughters up to lying about the alleged abuse; (4) improper admission of opinion testimony; (5) improper admission of evidence of other crimes and bad character; (6) prosecutorial misconduct; (7) excessive sentence; and (8) cumulative error.

The matter was referred to a magistrate judge, who recommended denial of the application for relief. Mr. Hernandez filed objections to the magistrate judge's report and recommendation. After considering those objections, the district court in the Western District of Oklahoma adopted the recommendation and denied the application. Mr. Hernandez appealed, and also filed a motion for reconsideration, which the district court denied. Mr. Hernandez then filed an

amended notice of appeal. He further requests a COA to enable us to address the merits of his appeal and requests permission to proceed on appeal *in forma pauperis (ifp)*. We accordingly initially consider whether a COA should issue.

**DISCUSSION**

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In evaluating whether Mr. Hernandez has carried his burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. Miller-El, 537 U.S. at 338.

Furthermore, where, as in this case, the state court addressed the merits of a petitioner's claims, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the applicable standard of review. Its "deferential treatment of state court decisions must be incorporated into our consideration of a . . .

-4-

petitioner's request for a COA." Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, habeas relief is available only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "This highly deferential standard for evaluating state-court rulings demands that state-court decisions be given the benefit of the doubt." Hooks v. Workman, 689 F.3d 1148, 1163 (10th Cir. 2012) (further quotations omitted); see Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Additionally, we presume under AEDPA that the state court's determination of a factual issue is correct; the applicant or petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Hooks, 689 F.3d at 1163.

The district court's lengthy and thorough decision applied this deferential standard to the OCCA's resolution of each of Mr. Hernandez's arguments. We review each argument in turn, beginning with Mr. Hernandez's first argument concerning prior false allegations by one of the victims and his claim that his right to cross-examine his victims was improperly restricted.

### I. Prior allegations; cross-examination

In this argument, Mr. Hernandez claims that the trial court erred in excluding evidence that Mr. Hernandez's older victim, A.H., had previously made false allegations of sexual abuse against three juvenile males, as well as against a family friend, Chris Pulsifer. The charges against the juveniles were initially filed in Tulsa County District Court, but were later dropped. It appears that nothing developed from the accusation involving Mr. Pulsifer. Mr. Hernandez argues that his right to present a complete defense was compromised by the trial court's refusal to permit him to introduce evidence of these prior allegedly false accusations.

Mr. Hernandez also argues that the trial court erred in restricting his ability to cross-examine both of his victim-accusers. He claims he would have been able to more effectively cross-examine A.H. with information about her prior accusations; he claims he was, more generally, restricted in his cross-examination of R.H. He thus alleges that the district court erred in failing to find that his Sixth and Fourteenth Amendment rights had been thereby violated by these limitations on his ability to effectively cross-examine his two accusers.

In rejecting this argument as a basis for issuance of a writ, the district court examined carefully the OCCA's discussion of and resolution of this issue, as well as the trial record relating to this issue. The district court then surveyed the Supreme Court authority relevant to this claim and cited by Mr. Hernandez. With

respect to his allegation that he was prevented from presenting a complete defense by not being able to present evidence of the four men previously (allegedly) accused by A.H., the district court concluded that:

> Petitioner has failed to demonstrate that the OCCA contradicted or unreasonably applied Supreme Court precedent. While it is clearly established that a state's evidentiary rules cannot be applied mechanistically to prevent a defendant from presenting evidence in his own defense, it is also clear that a court may exclude evidence that is not relevant.

Hernandez v. Parker, 2012 WL 6202974, at *6 (W.D. Okla. Nov. 21, 2012) (unpublished).

With regard to Mr. Hernandez's related argument that he was impermissibly restricted in his cross-examination of both victims, the district court again surveyed thoroughly and carefully the trial record, the OCCA's analysis, and relevant Supreme Court authority. The court concluded:

> The OCCA's determination did not conflict with these [Supreme Court] decisions, and Petitioner has failed to establish that such a determination was an unreasonable application of Supreme Court precedent. The OCCA did not countenance the application of an arbitrary rule in upholding the trial court's refusal to allow the cross-examination of A.H. about alleged prior false allegations but, instead, upheld the exclusion based on the lack of probative value. And, while recognizing the clearly established Constitutional right of cross-examination, the OCCA found that defense counsel's cross-examination of R.H. was not "shut down" . . . Habeas relief is not warranted on this ground.

Id., at *8. We agree with the district court's analysis in both of these statements. The OCCA complied with applicable Supreme Court precedent.

Furthermore, except for bare citations to several Supreme Court decisions, Mr. Hernandez makes no attempt to explain why or how the OCCA unreasonably applied or contradicted applicable Supreme Court authority. While Mr. Hernandez is *pro se* and entitled to a more liberal reading of his pleadings, we cannot act as his advocate and create arguments for him. See Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

## II. Sufficiency of evidence

The district court then considered Mr. Hernandez's second argument, that there was insufficient evidence to prove his guilt beyond a reasonable doubt. The district court began by noting that "clearly established Supreme Court precedent provides that 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

After reviewing the OCCA ruling on this issue, the district court found that "the OCCA properly identified and applied the Jackson standard in determining Petitioner's sufficiency of the evidence claim on direct review; its decision therefore was not contrary to clearly established federal law." Id. at *9. The district court also concluded, after careful analysis of the OCCA's decision and applicable law, that "[t]he OCCA's application of the Jackson standard was not

-8-

unreasonable" and that Mr. Hernandez was not entitled to habeas relief on the ground of insufficient evidence.

Once again, we agree with the district court's analysis of the OCCA's decision. The OCCA applied the correct standard (Jackson) to the evidence in this case. Mr. Hernandez makes no serious argument to the contrary.

### III.  Exclusion of Ms. Bryan's statement

The district court next considered Mr. Hernandez's third argument—that the trial court erred in excluding testimony by a woman named Julie Bryan regarding a statement that Tanya Hernandez, the mother of the victims, allegedly made to Ms. Bryan. In this statement, Ms. Hernandez purportedly told Ms. Bryan that she (Ms. Hernandez) had instructed A.H. and R.H. to lie about Mr. Hernandez's sexual abuse of the girls. Mr. Hernandez argues that this evidence was relevant because it provided the victims with a motive to testify against him and it was admissible as a statement against penal interest under Oklahoma's hearsay rules.

The OCCA rejected this argument, finding that the trial judge did not abuse its discretion by excluding the testimony of Ms. Bryan. The OCCA specifically stated that, "while the statement could have subjected the girls' mother to criminal liability, there was no corroborating evidence that the mother made the statement. For a hearsay statement to be admissible as against a declarant's

interest in this manner, it must be corroborated as reliable by other evidence." Id. at *11. The federal district court, in reviewing the sufficiency of the OCCA's decision, stated that "the OCCA, while not citing Supreme Court precedent, rejected Petitioner's evidentiary claim in reliance upon state court precedent which squarely addressed the constitutional issue and, consequently, its 'decision constitutes an adjudication of the federal claim[.]" Id. (quoting Harris v. Poppell, 411 F.3d 1189, 1196 (10th Cir. 2005)); see also Johnson v. Williams, 133 S. Ct. 1088 (2013). The district court therefore correctly held that the state court (OCCA) had addressed Mr. Hernandez's federal argument concerning Ms. Bryan's excluded statement.

Additionally, the district court observed that Mr. Hernandez only cited Chambers v. Mississippi, 410 U.S. 284 (1973), for his argument that he deserved habeas relief because he was denied his fundamental right of defense. The district court then held that the OCCA's determination that Mr. Hernandez's rights were not violated was neither contrary to, nor an unreasonable application of, the Chambers decision. The court held it would not grant Mr. Hernandez habeas relief on this ground. We agree with this determination.

### IV. Vouching

The court subsequently considered Mr. Hernandez's fourth argument—that the state improperly used two witnesses to vouch for, and thereby bolster, its

case. The district court correctly observed that "[s]tate court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Hernandez, 2012 WL 6202974, at *13 (quoting Brinless v. Crisp, 608 F.2d 839, 850 (10th Cir. 1979)). The court then concluded that Mr. Hernandez's trial "was not rendered fundamentally unfair by the admission of [the two witnesses'] testimony." Id. We agree fully with this determination and discern no need to discuss it more fully than did the district court. As with prior arguments, Mr. Hernandez has failed on appeal to demonstrate why the district court's analysis of the OCCA decision was erroneous.

## V. Evidence of other crimes/wrongs/bad acts

Mr. Hernandez's fifth argument asserts that he was denied a fair trial by the trial court's admission of other crimes, wrongs, and bad acts, in the form of testimony by A.H. and R.H. that Mr. Hernandez beat or spanked them, that he hurt their mother and that he gave both girls tattoos. The OCCA rejected this argument, explaining in detail why it found no "plain error" in connection with the admission of evidence as to each item. The district court rejected Mr. Hernandez's challenge to the OCCA's decision, stating:

To the extent the OCCA determined that admission of the challenged evidence was not plain error, "Oklahoma's plain-error test is rooted in due process." In this regard, there is "no practical distinction between [Oklahoma's application] of plain error . . . and the federal due-process test, which requires reversal when error 'so infused the trial with unfairness as to deny due process of law[.]'" "Because the OCCA applied the same test we apply to determine whether there has been a due-process violation, we must defer to its ruling unless it 'unreasonably appli[ed]' that test." On habeas review, then, this court must determine whether the OCCA reasonably applied Supreme Court precedent when it declined to find plain error. Petitioner has cited no Supreme Court authority in support of his claim and has failed to establish that the OCCA unreasonably applied Supreme Court decisions when it determined, through a plain error analysis, that there had been no due process violation.

Id. (citations omitted).[1] We cannot improve or add anything significant to the district court's decision on this issue, and Mr. Hernandez provides no argument contravening the district court's analysis.

## VI. Prosecutorial misconduct

The sixth argument launched by Mr. Hernandez alleges prosecutorial misconduct, purportedly leading to the denial of a fair trial. More specifically, Mr. Hernandez claims: the "prosecutor's closing argument 'vilified' defense counsel 'by arguing [counsel] was beating up two young girls'; made 'a plea for sympathy and societal alarm by lumping together crimes committed against

---

[1]The district court further observed that, to the extent the OCCA rejected any of Mr. Hernandez's arguments on state law grounds only, it would only grant relief were it to find a denial of due process of law. It found no such denial in this case.

children not attributable to petitioner'; . . . inject[ed] improper victim impact evidence into the trial; and . . . argu[ed] to the jury 'that a verdict of not guilty would make what was alleged to have happened to [A.H. and R.H.] "a whole lot worse."'" Id. at *16 (quoting Supporting Br.). The OCCA rejected these arguments, explaining why each instance of claimed misconduct was, in context, proper.

The federal district court noted that, in this court, the proper "test for determining whether or not prosecutorial comments violated due process is that set forth by the Supreme Court in Donnelly v. DeChristoforo, 416 U.S. 637 (1974)." Id. at *17. Under this test, "prosecutorial comments violated due process only when the prosecutor's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair." Id. (citing Donnelly, 416 U.S. at 642-48). To satisfy that test, the district court noted that Mr. Hernandez "must demonstrate persistent and pronounced misconduct or that the evidence was so insubstantial that absent the remarks, a conviction probably would not have occurred." Id. The court found, correctly, that Mr. Hernandez failed to make the required showing.

## VII. Excessive sentence

Mr. Hernandez's seventh argument avers that his sentence is excessive. The district court observed that the OCCA had found on direct review that each

component of Mr. Hernandez's sentence was within the applicable state statutory limits. And, Mr. Hernandez failed to argue that his sentence was outside the range of punishment set by the Oklahoma legislature. The court accordingly found that his sentence "does not violate the Eighth Amendment's proscription against cruel and unusual punishment." Id. We agree.

## VIII. Cumulative error

Mr. Hernandez's final argument alleges cumulative error. The OCCA found no error, and therefore no cumulative error. We reach that same conclusion.

## CONCLUSION

In sum, we find that the district court's analysis of the OCCA's decision was thorough and correct. The court properly analyzed the OCCA's discussion and conclusion through the lens of AEDPA. Although Mr. Hernandez himself failed to articulate the proper grounds upon which to challenge the OCCA's determinations and upon which to seek a COA, the district court's decision identified and applied the appropriate standards for reviewing that opinion. We cannot add anything substantive to the district court's analysis. We accordingly find that Mr. Hernandez has failed to meet the standards for issuance of a COA, for substantially the reasons set forth in the district court's decision.

For the foregoing reasons, we DENY a COA and DISMISS this matter. We DENY Mr. Hernandez's request to proceed on appeal *ifp*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge